PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

FOR THE __SOUTHERN__ DISTRICT OF TEXAS

__GALVESTON__ DIVISION

United States Courts
Southern District of Texas
FILED

JUL 10 2014

David J. Bradley, Clerk of Court

### PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| | |
|---|---|
| __PATRICK ANTHONY RUSSO__ | __TDCJ-DARRINGTON UNIT__ |
| PETITIONER | CURRENT PLACE OF CONFINEMENT |
| (Full name of Petitioner) | |
| | |
| vs. | __1887235__ |
| | PRISONER ID NUMBER |
| | |
| __WILLIAM STEPHENS; DIRECTOR, TDCJ__ | |
| RESPONDENT | CASE NUMBER |
| (Name of TDCJ Director, Warden, Jailor, or | (Supplied by the District Court Clerk) |
| authorized person having custody of Petitioner) | |

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

- [x] A judgment of conviction or sentence, probation or deferred-adjudication probation.  (Answer Questions 1-4, 5-12 & 20-25)
- [ ] A parole revocation proceeding.  (Answer Questions 1-4, 13-14 & 20-25)
- [ ] A disciplinary proceeding.  (Answer Questions 1-4, 15-19 & 20-25)
- [ ] Other: _____  (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 390TH, TRAVIS COUNTY

2. Date of judgment of conviction: FEBRUARY 27, 2004

3. Length of sentence: CAPITAL LIFE

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: 9034220(RI) CAPITAL MURDER

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)   ☒ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☒ Jury   ☐ Judge Only

7. Did you testify at trial?   ☐ Yes   ☒ No

8. Did you appeal the judgment of conviction?   ☒ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? THIRD COURT OF APPEALS; AUSTIN   Cause Number (if known): 03-04-00344-CR

    What was the result of your direct appeal (affirmed, modified or reversed)? AFFIRMED

    What was the date of that decision? JUNE 7, 2007

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: (1) 3rd COA Opinion based on erroneous facts; (2) Abuse of discretion by trial court in failing to suppress evidence obtained by illegal search and seizure; (3) Abuse of discretion in allowing prejudicial evidence of extraneous acts; (4) legal sufficiency of the evidence to sustain murder in the course of robbery; (5) legal sufficiency to sustain murder in the course of kidnapping.

    Result: REFUSED

    Date of result: DECEMBER 5, 2007   Cause Number (if known): PD-0928-07

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: N/A

    Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: 390TH DISTRICT COURT/COURT OF CRIMINAL APPEALS

    Nature of proceeding: 11.07 HABEAS CORPUS

    Cause number (if known): WR-80,818-01

-3-

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: DECEMBER 10, 2008

Grounds raised: IAC; DUE PROCESS/INTO OF EXTRANEOUS BAD ACTS; DUE PROCESS PROCESS/COA DECISION BASED ON ERRONEOUS FACTS; BRADY VIOLATION

Date of final decision: MAY 7, 2014

What was the decision? DENIED

Name of court that issued the final decision: COURT OF CRIMINAL APPEALS

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: N/A

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☒ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

   _____

   (b) Give the date and length of the sentence to be served in the future: _____

   _____

—4—

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?  ☐ Yes  ☐ No

**Parole Revocation:**            N/A

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?  ☐ Yes  ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**      N/A

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?  ☐ Yes  ☐ No

16. Are you eligible for release on mandatory supervision?  ☐ Yes  ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days?  ☐ Yes  ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    _____
    _____
    _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?  ☐ Yes  ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: _____

Date of Result: _____

Step 2  Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.  **GROUND ONE:** The State court's determination of the facts is erroneous and resulted in a decision that is unreasonable in light of the record.

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    (see 6a)

B.  **GROUND TWO:** In violation of the Fourth Amendment, Petitioner was denied due process where trial court allowed the introduction of extraneous acts and evidence of little probative value resulting in extreme prejudice.

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    (see 6b)

SUPPORTING FACTS FOR GROUND ONE:

In their conclusion that the evidence was sufficient to justify a finding of guilt, the 3rd Court of Appeals (see Opinion [Attachment "A"] Russo v.State, 228 S.W.3d 779 (Tex.App.--Austin 2007) relied on the following erroneous facts:

(1) "a spare key was determined to be missing." (Opinion at 786. This is crucial as the house could not be locked (as it was found) without using a key from the outside. But the record shows that, though early testimony indicated a key was missing, the key was ultimately accounted for (RR Vol. 34:54).

(2) "Mills could not exclude DNA samples from the victim or appellant on the swab." (Opinion at 789). Yet testing using the more sophisticated methods of Dr. Prinz of the New York Medical Examiner's Office did exclude Petitioner. (RR Vol. 37:20, 57-60).

(3) "Appellant could not be excluded from two hairs retrieved from a green towel found in the living room." (Opninion at 789-90). Yet Dr. Mills excluded Russo from the towel sample. (RR Vol. 37: 26, 27).

(4) "the trial court was careful to eliminate images of unrelated sexual activity and nudity." (Opinion at 806). Yet the record indicates highly prejudicial nude photos retrieved, not from Petitioner's hard drive, but from the website's server, were introduced over objection by counsel. (RR Vol. 37:7-10, 19, 33, 55-56, 127, 205, 208-09)

SUPPORTING FACTS FOR GROUND TWO

(1) Images depicting nudity and strangulation were introduced to the jury. These photos were not taken from Petitioner's computer, but from the server for the website necrobabes.com. Over the contemporaneous objection by counsel, and despite the fact that the murder showed no signs of sexual intent, the photos were admitted into evidence. (RR Vol. 37:7-10, 19, 33, 55-56,127, 205, 208-09).

(2) Trial court allowed testimony depicting sexual motivation for the murder where there was no evidence of rape or sexual intent to support this theory. (RR Vol. 38:106-14).

(3) Trial court erred in allowing evidence obtained outside the scope of the warrant and over the objection of trial counsel. (RR Vol. 44, exhibit 14, Vol. 46, exhibit 9, Vol. 37:224-61, Vol. 38:5-13, 38, exhibits 605-18; see objection at Vol. 9:4-5, 75-81, and Vol. 37:205).

(4) Trial court abused its discretion by allowing hearsay evidence of a third party as to a statement made by the victim. (RR Vol. 31:146-47, 150-53).

(5) trial court abused its discretion by allowing the testimony of 12 witnesses whose testimony described not extraneous bad acts, only impressions of Petitioner as being nervous, or expressing their discomfort. In light of the Tourette's Syndrom Petitioner suffers from, the testimony was not probative but was extremely prejudicial. (RR Vol. 6: 55, 81, 117, 154; Vol. 7: 5, 36, 60, 82, 129, 178; Vol. 9:84-87; Vol. 33:127-35-, 146-62; Vol. 34:66, 71-72, 78, 83-93; Vol. 35:129-41, 146-52, 185-97, 226-32, 248, 268, 277; Vol. 37:171-74).

C. **GROUND THREE:** In violation of Brady v. Maryland, the State suppressed exculpatory and impeachment evidence.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(1) the State withheld critical evidence from the crime scene by not collecting and testing vomit at the crime scene.

(2) the State withheld evidence regarding inadequate testing procedures within the DPS Crime Lab (see Attachments C, D, and E).

D. **GROUND FOUR:** In violation of Strickland v. Washington, Petitioner was denied effective assistance of counsel.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(see 7a)

21. Relief sought in this petition: That this Honorable Court, in finding that Petitioner's conviction was obtained in violation of the Constitution, and grant such relief as deemed appropriate.

FACTS SUPPORTING GROUND FOUR:

(1) Counsel failed to independently test DNA samples.
(2) failure to depose and/or subpeona Dr. Prinz whose DNA testing excluded Petitioner from the scene. RR Vol 37:5, 31,67, 74)
(3) failure to depose and/or subpeona FBI regarding investigation of the DPS Crime Labs
(4) Failure to investigate the crime scene videos showing vomit for DNA testing which would have excluded Petitioner.
(5) Refusal of counsel to utilize Court profer of time and resources to investigate and/or depose the State's surprise witness. (RR Vol. 34:29, 41-48)
(6) counsel failed to contemporaneously object to the introduction of the website photos under 404(b), and solely objected on grounds of relevancy (401) and unfair prejudice (403).
(7) counsel failed to vigorously cross-examine homeowners and realtors during trial. (RR Vols. 34, 35, 37)
(8) Counsel failed to call rebuttal witnesses who would (a) provide clear reasoning for Petitioner's viewing of the homes; (b) that the zip ties did not belong to Russo; and (c) that Petitioner's Tourette's Syndrom, indicated by his constant facial and body tics, explain why the homeowners and real estate agents perceived Petitoner to be nervous.
(9) counsel failed to pursue impeachment of Mills when he denied on the stand that DPS Crime Labs were under investigation for cross-contamination of DNA samples.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☒ No If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

    _____

    _____

    If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition? ☐ Yes ☒ No

    If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

    _____

    _____

    _____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

    If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

    _____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging: 1100 W. AVENUE
    AUSTIN, TX 78701

    (a) At preliminary hearing: Steve Britain and Allen Williams

    (b) At arraignment and plea: Steve Britain and Allen Williams

    (c) At trial: Steve Britain and Allen Williams

    (d) At sentencing: Steve Britain and Allen Williams

    (e) On appeal: Gary Taylor, PO Box 90212 Austin, TX 78709

    (f) In any post-conviction proceeding: pro se

(g)   On appeal from any ruling against you in a post-conviction proceeding: __PRO SE__

**Timeliness of Petition:**

26.  If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

    __N/A__

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

   (1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

      (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

__June 30, 2014_____ (month, day, year).

Executed (signed) on __June 30, 2014_____ (date).

_____/s/ Patrick A. Kuss_____
Signature of Petitioner (required)

Petitioner's current address:  DARRINGTON UNIT, 59 DARRINGTON RD. ROSHARON, TEXAS 77583

—10—